Graves *vs.* Tift.

---

J. P. GRAVES, plaintiff in error, *vs.* N. & A. F. TIFT, defendants in error.

1. The County Court Act of January 19th, 1872, is a general law of the State, except as therein specially excepted; and the Act of August 24th, 1872, establishing a County Court in the counties of Dougherty and Lee, only repeals the Act of 19th January, 1872, so far as it is inconsistent therewith.

2. Under the general law of January 19th, 1872, the Judge of the County Court has authority to issue distress warrants and there is nothing in the Act organizing a County Court for Dougherty county, inconsistent with such an authority in the County Judge of that county, so that he also has authority to issue distress warrants.

3. Where a levy under an illegal distress warrant is dismissed, the Court has no authority to retain the case until a new warrant can be issued. (R.)

4. Where a bill of exceptions is filed to proceedings had upon the trial of a claim case, the defendants in *fi. fa.* are not necessary parties : See end of report (R.)

County Court. Distress warrant. Construction of statutes. Before Judge STROZER. Dougherty Superior Court. April Term, 1873.

Graves sued out a distress warrant against F. R. Roberts and W. S. Davis for $500 10, and had the same levied on five bales of cotton as the property of the defendants. The affidavit was made before Honorable David H. Pope, the Judge of the County Court of Dougherty county, and the warrant was issued by the same officer. The property levied on was claimed by N. & A. F. Tift. Upon the trial of the issue thus formed, the claimants moved to dismiss the warrant and the levy on account of the want of authority in the County Judge to issue such process. The motion was sustained, and the plaintiff excepted.

When this case was called, a motion was made by counsel for defendants to dismiss the writ of error, upon the ground that the defendants in execution were not made parties to the bill of exceptions. The motion was overruled and the principle embraced in the fourth head-note enunciated.

T. R. LYON; WARREN & ELY, for plaintiff in error.

HINES & HOBBS, for defendants.

McCAY, Judge.

This case is controlled by the decision we made in Patillo *vs.* State last week. The Act of 19th January, 1872, expressly authorizes the Judge of the County Court to issue

distress warrants, and there is nothing in the County Court Act for Dougherty, passed in August, 1872, inconsistent with the general law on this subject. The Act of January 19th, 1872, is a general law for the State, except as to the counties excepted. Dougherty is not one of them. The failure or refusal of the grand jury to authorize the appointment of a Judge does not affect the operation of the law in that county, whenever a Judge is otherwise legally appointed. The general law, when not inconsistent with the Act of August, 1872, regulates the powers and duties of the County Judge of Dougherty, as well as the Judges of other County Courts. Nor is there anything in the argument that County Courts are abolished by the Constitution of 1868. The County Courts "then existing," were abolished ; but by section 1st of Article 5th, of the same Constitution, the Legislature is authorized to establish other Courts.

We do not think the request to the Judge to retain the case until a new distress warrant would issue, was at all proper. If the warrant was illegal, the levy was void. A new levy would have to be made. The property was not in the hands of the Court. There is no analogy between this case and a case where the money was in Court for distribution.

Judgment reversed.