## CHAPMAN *vs.* FLOYD.

1. While a justice can not set aside his own judgment and grant a new trial, yet where he has rendered a void judgment, he may treat it as a nullity, and proceed as though it had not been rendered.

2. If one dedicated land to the public for school purposes, and the dedication was accepted, possession taken, improvements made, capital invested, and the premises used and occupied for such a length of time as that the public accommodation would be affected by an interruption of the enjoyment, then the public (represented by the authorities of the school) would stand in the position of a purchaser for value.

3. Prior to 1859 a deed made by one person whilst another held adverse possession of the land, was void.

(*a.*) The act of 1859 (Code, §2695) was not retroactive.

4. Where error is assigned on the failure of the judge to charge fully concerning a certain part of the case, if neither what was given nor what was omitted appears, this court cannot consider the exception.

5. To entitle a deed less than thirty years old to be admitted in evidence without proof of execution, it must be properly recorded in the county where the land lies. Record in another county will avail nothing.

6. This ground of error is controlled by the ruling in the second headnote.

(*a.*) A request not founded on the evidence was properly refused.

7. The affidavits amply purged the juryman attacked as partial.

Justice Courts. Judgments. Nullities. Dedication.

Title. Deeds. Laws. Evidence. Jury. New Trial. Practice in Supreme Court. Before Judge HARRIS. Campbell Superior Court. August Term, 1881.

Reported in the decision.

JNO. S. BIGBY ; ROAN & ROSSER, for plaintiffs in error.

R. T. DORSEY ; P. H. BREWSTER ; A. C. KING, for defendant.

CRAWFORD, Justice.

This was a claim case; E. Floyd was the plaintiff in *fi. fa.*; the Fairburn Academy the defendant in *fi. fa.*; E. B. Chapman the claimant; the *fi. fa.* issued from a justice's court January 21st, 1881 ; the levy was on the Fairburn Academy, and the land on which it stood— the defendant in possession at the date of the levy.

The land on the trial was shown to have been in the possession of one McBride in 1847–8. The claimant rested his title on a deed from the trustees of the Methodist E. church, who claimed under a deed from the Atlanta & LaGrange Railroad Company, which claimed under a deed from Moore, Austell and Camp, into whom claimant sought to put title from McBride, but failed.

The Fairburn Academy claimed title by virtue of a dedication from McBride to the public for school purposes, which dedication had been accepted, the property improved by building upon it, and used for school purposes since the dedication in 1848.

Upon these two lines of title the case was tried—the jury found for the Academy and against the claimant, that is they found the property subject to the execution.

The claimant seeks to get rid of that finding by a motion for a new trial, and alleges that the errors which were committed thereon entitle him to such new trial.

1. The first error upon which he relies is that the judge erred in refusing to exclude from the jury the *fi. fa.* un-

der which the levy was made, because it recited that it was issued upon a judgment rendered in January, 1881, when it should have recited that it was issued upon a judgment rendered in December, 1880.

In connection with the motion to exclude, it appeared that the original suit was against the "Fairburn Academy," whilst the judgment rendered in December, 1880, was against the trustees in their individual names. At the January term, 1881, of the court, the magistrate entered up a judgment against the real defendant, the "Fairburn Academy," and from this judgment the *fi. fa.* was issued. So far as the record shows, there was no *fi. fa.* issued from the judgment rendered in December, 1880; if there had been it would have been void, and the magistrate had the right so to consider it, as well as the judgment on which it was founded. Whilst a justice of the peace has no power to set aside his own judgment, and grant a new trial, yet where he renders a void judgment, he may disregard it and treat it as a nullity. 55 *Ga.*, 410.

2. The second ground of error is that the court charged the jury: "If this land had been dedicated to the public for school purposes, had been accepted, possession taken, improvements made, capital invested, and the premises used and occupied for such a length of time as that the public accommodation would be affected by an interruption of the enjoyment, then the public stood in the position of a purchaser for value, and it would be their duty to find the property subject. The effect of finding the property subject was to find the title in the Fairburn Academy, the defendant in the execution."

This charge of the judge is fully authorized by §2684 of the Code, and the ruling of this court in the 12th *Ga.*, 239.

3. The next error assigned is because the judge charged that a deed made prior to the year 1859 by one person, whilst another held adverse possession of the land, conveyed no title to the grantee. If, therefore, Austell, Moore

and Camp conveyed the land in controversy to the Atlanta and LaGrange Railroad Company, whilst the public was holding it adversely to them, under the dedication to the public for school purposes, the railroad company took no title to the same. And if the deed to the trustees of the Methodist church was made whilst the land in controversy was held adversely to the railroad company, then the deed would convey no title to the said trustees.

This charge is supported by the decisions in the 18th *Ga.*, 181 ; 32 *Ib.*, 182 ; 37 *Ib.*, 5.

The act of 1859 applied to deeds made after its passage.

4. The fourth ground of error insisted upon is, that the judge, after charging upon the subject of adverse possession, failed to charge as to what constituted adverse possession. Where an exception is taken to the charge of the court and the same is not set out in the record or in the bill of exceptions, this court cannot consider it ; and where it is claimed that there is an omission to charge, and neither that which is given nor that which is omitted appears, this court cannot consider it.

5. The next assignment of error is that the court refused to allow read in evidence a certified copy of a deed made in 1849 by McBride to Smith, Moore and Austell to certain lands lying partly in Fayette and partly in Campbell county, said deed including the land upon which the Academy stood. To entitle a deed not being over thirty years old to be admitted in evidence without proof of execution it must be properly recorded in the county where the land lies. Code, §§2705, 2712.

This deed having been recorded in Fayette county did not meet the requirements of the law as to registration, so as to allow it to be read in evidence without proof touching lands in the county of Campbell.

6. Because the court refused to charge as requested that if the school authorities held the land upon which the school-house stood by virtue of a dedication from

claimant, or any one under whom he held, then the possession so held would not be adverse and it would be the duty of the jury to find the property not subject.

The question made by this request to charge is ruled in the secoud assignment of error. Besides, the defendant in *fi. fa.* did not hold under the claimant nor from any one under whom he held, and for that reason the refusal to charge as requested was not error.

7. The last ground of error relied upon is that Torrance, the foreman of the jury, was not an impartial juror, and did not act impartially during the pendency of the trial. The affidavits submitted to the judge in his opinion amply purged the juror, and they so appear to us.

Judgment affirmed.