## WAY *et al. vs.* LOWERY.

72   63
120  837

1. Where the record of a deed showed that it conveyed lands in different districts of a certain county, the number of each district being first written in figures on the margin, and then written in words, and followed by the number of the lots conveyed in that district, and where the numbers of the districts ran from six to sixteen consecutively, and then followed "17th" in figures and "seventh" in writing, after which followed eighteenth and other districts in consecutive order, a certified copy of the record of such deed was admissible in evidence to show title to certain lots in the seventeenth district; and where it appeared that there was, in fact, no seventh district; that a portion of the lands covered by the deed was in another county, and that the record there showed that the lots were in the seventeenth district, the jury were warranted in finding that the word "seventh" in the record in the county where the land lay, was a clerical mistake.

(a.) Some of the lots being in one county and some in another, and the deed being recorded in both, a certified copy from the records of the county other than that in which the land in controversy lay, was admissible to show an error in the record of the same deed made in the county containing the land.

2. Title being shown out of the ancestor of the plaintiffs, a verdict for the defendant was right.

December 4, 1883.

Evidence.  Deeds.  Ejectment.  Title.  Records.  Be-

fore Judge LAWSON.   Laurens Superior Court.   February Term, 1883.

Way *et al.* brought ejectment against Lowery for lot of land number 10, in the 17th district of Laurens (formerly Wilkinson) county.   Plaintiffs claimed under Peter J. Williams; defendant sought to show a conveyance from P. J. Williams to Colby, Chase and Crocker in 1834.   In support of this defence, he offered in evidence a certified copy of a deed from the records of Laurens county.   This deed conveyed a large number of lots of land in different districts of Wilkinson county as originally laid out.   It began with the sixth district; then followed the seventh; and so on regularly till sixteenth; after this, the next district is stated in the record as follows : "17th" (on the margin).   "In the seventh district."   Number 10 was included in this item.   Then follows the eighteenth district, etc., up to twenty-first.   The deed was objected to, as not covering the land in dispute.   The objection was overruled. Defendant then offered in evidence a certified copy from the records of Telfair county of a deed in all respects similar to the above, except that the district above described was called "the seventeenth."   This was admitted over the objection of plaintiffs' counsel.   [It appears that the original Wilkinson county was considerably divided, and a part was embraced in Laurens and a part in Telfair county.] A county map was also introduced in evidence, to show that Laurens county did not contain any seventh district, but did contain a seventeenth district.   After verdict for defendant, plaintiffs moved for a new trial, alleging error in the above rulings, among others, and upon its refusal, excepted.

J. F. DeLACY, by J. H. LUMPKIN, for plaintiffs in error.

R. A. STANLEY, for defendant.

BLANDFORD, Justice.

This was an action of ejectment brought upon the de-

mises of the heirs-at-law and devisees of Peter J. Williams, deceased, and William Pitt Eastman, against Lowery, the defendant, for the recovery of lot of land number ten in the seventeenth district of Laurens county. The plaintiffs relied on plat and grant from the State of Georgia to Peter J. Williams, dated 9th day of February, 1834, to the premises in dispute, also the will of Peter J. Williams, and closed. Defendants tendered, and read in evidence to the jury, an exemplified copy of deed from Peter J. Williams to Stephen Chase, Abram Colby and Samuel Crocker, dated 28th day of February, 1834, to lot of land number ten in the seventh district of Wilkinson county, which deed had numbered in numerals on the margin from 6 to 21, inclusive, the same being opposite to the numbers of the land districts containing the lots conveyed, which were written in the body of the deed. Opposite to the words "seventh district," written in the body of the deed, were the figures "17th," and in this district was lot number ten, being the lot sued for. The defendant also introduced an exemplified copy of a deed from Telfair superior court, containing all the lots of land by their numbers and districts, which was, in all respects, the same as the copy from the record of Laurens superior court, except opposite to the figures "17th" there were written the words, "seventeenth district;" also a map of the county of Laurens, which showed that there was no seventh district in the last mentioned county. These deeds were objected to by plaintiff, because in the first named deed, the lot number ten is described as in the seventh district, whereas the lot in dispute is in the seventeenth district. The court overruled the objection, and this is the main ground of error relied on by plaintiffs.

We think the copy deed was properly admitted in evidence, over the objection made by plaintiffs in this case. When the deed itself is scrutinized, it may be fairly inferred that the word "seventh" opposite to the figures "17th," was a mistake made by the clerk in recording the deed. The deed commences with the sixth district, and goes reg-

v 72-6

ularly on through the sixteenth district, and then come the figures 17th, and the word seventh, then follows eighteenth, and so on to the twenty-first district. These facts, taken in connection with the fact that there is no seventh district in Laurens county, and the further fact that this same deed had been first recorded by the clerk of the superior court of Telfair county, in which county many of the lots conveyed are situated, and the copy from Telfair contains all the districts from six to twenty-one inclusive and consecutively, and includes lot number ten in the seventeenth district, the jury were authorized to find that the clerk in Laurens county, when he recorded this deed, made a mistake in writing seventh district, when he should have written seventeenth district.*

These deeds being admitted, they showed title to the land in controversy out of Peter J. Williams in his lifetime, so it follows that the lessors of the plaintiff, or the heirs-at-law and devisees of Peter J. Williams, never had title to this land, and the lease of plaintiff fails.

The court did right to refuse the new trial in this case. Judgment affirmed.