## ROGERS *vs.* FELKER.

Where a justice's court has jurisdiction of the parties and subject-matter, the fact that the justice is related to one of the parties within the fourth degree of consanguinity does not render his judgment absolutely void, but only voidable, and it cannot be attacked by affidavit of illegality on that ground.

(a.) Illegality will not lie because the levy is excessive.

April 6, 1886.

Justice Courts.   Judgments.   Judge.   Before Judge HUTCHINS.   Walton Superior Court.   August Term, 1885

A *fi. fa.* issuing from a justice's court was levied on certain property, and the defendant interposed an affidavit of illegality. The grounds of the illegality were that the justice who rendered the judgment was a first cousin of the defendant's wife, and therefore was disqualified, that the levy was excessive; that the original summons was not directed according to law; and that the justice did not sign the judgment.

On demurrer, the presiding judge dismissed the affidavit of illegality, and the defendant excepted.

JAMES F. ROGERS; RAY & WALKER, for plaintiff in error.

J. H. FELKER, for defendant.

BLANDFORD, Justice.

The question in this case is, is a judgment rendered by a justice of the peace void, when such justice is related·

to one of the parties within the fourth degree of consanguinity, so that the same can be attacked by affidavit of illegality?

If the court had no jurisdiction to render the judgment, then it is void; otherwise it is voidable.

The court, as a court, had jurisdiction of the parties and the subject-matter. The justice is not absolutely inhibited from presiding in the case, under §205 of the Code referred to, but he may preside by consent of the parties. This is not a question of jurisdiction, but is merely a question of the disability of the justice; and in 62 *Ga.*, 39, this court held that whatever defect there might be, it could not be reached by illegality, and this is decisive of this case. And in the same case the court was inclined to adopt the English rule, the effect of which is to render the judgment of an incompetent judge voidable and not void. 16 Eng. Law and Eq., 63. The law of Alabama is the same as to qualifications of judges as our own. It was there decided that as no waiver appeared on the record, the judgment is only voidable. 45 Ala., 496. We think this the better ruling, and we hold that the judgment is not void, but only voidable.

Illegality will not lie because the levy is excessive. 57 *Ga.*, 68.

Judgment affirmed.