100 | 425
,112 | 109
100 | 425
117 | 498

## MERRY v. WILDS et al.

1. Where a case has been tried in a justice's court and an appeal regularly entered to a jury in that court, the presence of a jury legally empanelled and competent to try the appeal is indispensable to the organization of the court which is authorized to try that case, and until a jury is so empanelled the magistrate is without jurisdiction to entertain a motion to dismiss the case as originally brought, for any defect of pleadings.

2. Where in such a case, before any jury was empanelled, the magistrate dismissed the plaintiff's case because of such defects, his judgment was not merely erroneous but void, and was properly so treated by him; and where after the rendition of such judgment the appellant departed from the court and the magistrate then empanelled a jury, and, upon motion of plaintiff, reinstated the case and dismissed the appeal for want of prosecution, at the same time rendering judgment against the appellant and his surety on the appeal, the latter judgment, though erroneous, was not void; and the same never having been set aside, an execution issued thereon could not be arrested by an affidavit of illegality.

3. Such an affidavit having, upon the state of facts above recited, been filed, and the same having been dismissed by the magistrate, his judgment in so doing should, on certiorari, have been affirmed.

Argued January 22,—Decided March 8, 1897.

Certiorari. Before Judge Callaway. Richmond superior court. February 17, 1896.

*F. W. Capers*, for plaintiff.

*Henry S. Jones*, for defendants.

SIMMONS, Chief Justice.

Merry sued out a distress warrant against Wilds, which was levied upon the latter's property. Wilds filed a counter-affidavit. The papers were returned to a justice's court. The justice rendered judgment in favor of the plaintiff, and Wilds appealed to a jury. On the day set for the trial of the case by the jury, before the court was organized by impaneling the jury and before the plaintiff and his counsel appeared, the counsel of Wilds moved to dismiss the levy upon the distress warrant for some defect in the affidavit upon

which the distress warrant was issued. The court granted this motion; whereupon Wilds and his counsel left the court. Shortly afterward Merry and his counsel arrived at the court, and Merry's counsel moved to reinstate the case, having convinced the justice that he had no right or power to dismiss the case before his court was properly organized. The justice reinstated the case, impaneled the jury, and had the defendant called at the door. He failing to answer, Merry's counsel moved to dismiss the defendant's appeal, and this motion was granted by the justice. The appeal being dismissed, the justice issued an execution upon his original judgment which was levied upon Wilds's property. Wilds then filed an affidavit of illegality to the execution, on the ground that the justice had on his motion dismissed the levy upon the distress warrant and quashed the warrant, and that in his absence the justice had reinstated the case, dismissed his appeal and entered up judgment against him and his security upon the appeal bond. This affidavit of illegality coming on to be tried, the court after hearing evidence dismissed it. Wilds sued out a writ of certiorari to the superior court, and at the hearing thereof the certiorari was sustained and the judgment of the magistrate dismissing the illegality was reversed; whereupon Merry brought the case by bill of exceptions to this court for review.

1. In this case it seems to us that counsel for both parties imposed upon the trial justice, the first in procuring him to dismiss the warrant before the organization of his court, and the second in procuring the magistrate, after he had reinstated the case, to dismiss the defendant's appeal. The appeal system in justices' courts under our code is a peculiar one. The justice first hears and determines the case, but either party who is dissatisfied with his judgment may, under certain restrictions, appeal to a jury in the justice's court. When this is done the justice's court is composed of the justice and the jury, the justice having no jurisdiction to hear or determine the case without the jury. Until the jury

is properly impaneled, the appellate court is not organized. Section 4143 of the Civil Code declares that "All appeals shall be tried before the justice of the peace, . . and five jurors drawn, impaneled and sworn." In this case, the jury not having been impaneled and sworn when the justice dismissed the levy and quashed the distress warrant, the court was not organized and the justice had no jurisdiction to dismiss the case even upon defects in the pleadings.

2. At this stage of the case the plaintiff and his counsel appeared at the court and, after the jury was impaneled, induced the court to reinstate the case and then to dismiss the appeal entered by the defendant. It is contended here that the justice having dismissed the warrant and levy, such judgment was final and the proceedings had thereafter were illegal and void. We have shown that the judgment dismissing the warrant and levy was a void judgment. As it was void it was not necessary to reverse it on a writ of certiorari to the superior court, but the justice, on his own motion or on the motion of the losing party, could treat it as void. In the case of *Fontaine* v. *Bergen*, 55 *Ga.* 410, it was held by this court: "If a void judgment be rendered by a justice's court, although that court has no power to set it aside, it, as well as all other courts, may disregard it and treat it as a nullity, whenever and wherever it comes in question." See also *Chapman* v. *Floyd*, 68 *Ga.* 455, to the same effect. The justice here treated his first judgment, that dismissing the warrant and levy, as a nullity. It is contended that if that judgment was a nullity, the judgment dismissing the appeal was likewise a nullity. We think that this is not so. At the time the appeal was dismissed, the court had been properly organized and the justice had jurisdiction of the case. His action cannot, therefore, be considered as void but simply as erroneous. There is quite a difference between a void judgment and an erroneous one. The former, as we have seen, may be treated as a nullity "whenever and

wherever it comes in question"; the latter is a valid judgment until it is reversed or set aside.

An appeal to a jury in a justice's court is a de novo investigation. *Singer Mfg. Co.* v. *Walker*, 77 Ga. 649. The whole case as to the law and the facts is taken from the magistrate and referred to the jury. The magistrate should not, therefore, dismiss an appeal even though the appellant be absent and not present to prosecute the appeal. In this case, the plaintiff in the distress warrant should have proceeded, made out his case and had a verdict of the jury thereon. While the dismissal of the appeal was erroneous, it does not follow that the judgment was void. The judgment was founded in error of law, but is binding on the parties until it be set aside. The defendant should have sued out a writ of certiorari and had the judgment reversed by the superior court. He having failed to do this, and the judgment being valid and binding although erroneous, it follows that an illegality will not lie to the judgment.

3. Inasmuch as an illegality will not lie to such a judgment, the magistrate did not err in dismissing the same, and the judge of the superior court should have affirmed his judgment instead of reversing it.

*Judgment reversed. All the Justices concurring.*