7257.   SHEDD *v.* STOW.

HODGES, J.   1. The law requires that juries drawn in the justice's courts of this State shall be drawn from a jury-box by the justice of the peace, in conjunction with the constable, in term time, or in conjunction with the constable or any two freeholders if drawn in vacation. Civil Code, §§ 4743, 4745.

2. The jury not having been drawn from the jury-box, in accordance with the mandatory provisions of the law, and timely and proper objections having been made to the trial of the appeal in the justice's court before a jury gathered at random from the vicinage, the trial of the appeal before such jury did affect the rights of the plaintiff in error.

3. The complaint is made in the petition for certiorari that, while the jury were in the jury-room, deliberating upon the case, the justice of the peace went in the jury-room, closed the door, and, while there, had a conversation with the jury. This conduct was improper and indiscreet,

and, if the conversation had reference to the case on trial, was harmful error. The law presumes, in the absence of explanation, that the interests of the losing party suffered. See *Dent* v. *King,* 1 *Ga.* 203-4 (44 Am. D. 638); *Ruckersville Bank* v. *Hemphill,* 7 *Ga.* 397 (5).

4. It is the duty of the judge of the superior court, when presented with a petition for certiorari, legal in form, to take the allegations contained therein as true. The petition in this case was legal in form, and if the allegations contained therein are taken as true, it was the duty of the judge to sanction the writ of certiorari.     *Judgment reversed.*

DECIDED JUNE 23, 1916.

Petition for certiorari; from Wayne superior court—Judge Highsmith. January 7, 1916.

*Gibbs & Turner,* for plaintiff in error.