## 28297. KITCHENS *v.* KITCHENS.

DECIDED MAY 20, 1940.

*Casey Thigpen,* for plaintiff.

*Randall Evans Jr., Jack D. Evans, James R. Evans,* for defendant.

SUTTON, J. John E. Kitchens brought suit in a justice's court upon an open account against John L. Kitchens. A judgment for the defendant was rendered, and the plaintiff appealed to a jury

in said court. The plaintiff, at the proper time, filed written objections to the entire panel of jurors drawn to try the case, which were overruled, and the case proceeded to trial and resulted in a verdict and judgment for the defendant. The plaintiff took the case by certiorari to the superior court; and upon a hearing the court overruled the certiorari and affirmed the judgment of the justice's court. The sole question for determination, as contended by the plaintiff, is whether or not the jury-box, from which the jury in the present case was drawn, was a legal jury-box, and whether or not the jurors were properly drawn. It appears from the record, that the justice of the peace, with the assistance of the constable, in vacation, prepared the jury-box by taking the superior court jury-box list of seventy-four persons residing in his militia district and placing all of their names in his jury-box, with the exception of three who had been reported to him as being dead or having moved from the district; that this jury-box was prepared when one was in existence which had been prepared by the notary public and ex-officio justice of the peace of the district; that the jurors for the present case were drawn, in vacation, by the justice of the peace in conjunction with the constable.

It is conceded by the plaintiff that the grounds of his objections to the panel of jurors drawn were not proved by him, but he contends that the justice of the peace relieved him of this by furnishing the proof himself. There is nothing in the answer of the justice of the peace that shows that the manner in which the jury-box was prepared or the jurors were drawn in the present case was illegal, or even irregular. The Code provides: "All appeals to a jury in a justice of peace court shall be tried before the justice of the peace or notary public, or both, and five jurors drawn and impaneled as follows: The justice in each district shall, once in every two years, make out a list of all persons liable to serve as jurors in the superior court, who may reside in their respective districts, and shall write their names on separate pieces of paper and deposit them in a box marked 'number one.' . . Said justices, or one of them, in public on a court day, in conjunction with a constable, shall, if any appeal is pending or notice thereof given, draw, after shaking the box well, nine names therefrom, which names, after being recorded in a book, shall be deposited in a box marked 'number two.' . ." § 6-403. "In all cases where

the justice of the peace, at the regular term of the court, shall from any cause fail to draw a jury, it shall be lawful for said justice, in conjunction with the constable or any two freeholders, at any time to draw a jury who shall serve on being summoned as aforesaid." § 6-405. In the absence of proof to the contrary, it will be presumed that the justice prepared the list at such time as, and no sooner than, he was authorized under the statute to do. As to the list itself, it is shown that it was the same as the superior-court jury-box list, as respects the names of those liable for jury service in the district, with the exception of the names of three persons who, as reported to the justice, had died or had moved away from the district.

The jury was drawn in vacation by the justice with the assistance of his constable, as authorized by the Code, § 6-405; and the contention that the panel was illegally formed because not drawn from the jury-box list prepared by a notary public and ex-officio justice of the peace is, for the reasons above shown, without merit. The plaintiff fails to show that he was in any way harmed by reason of the manner in which the jury-box in question was made up, or in the drawing of the jurors therefrom to try his case. The judge did not err in overruling the certiorari, and in affirming the judgment of the trial court.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*