31859. THIGPEN *v.* McMICHAEL.

DECIDED FEBRUARY 14, 1948.

*Casey Thigpen,* in propria persona.

*J. D. Godfrey,* for defendant.

FELTON, J.   The plaintiff assigned error in his petition for certiorari upon the action of the justice's court in dismissing his case and appeal, on the ground that the judgment was void because the preparation of the jury box and the drawing of the jury were illegal, void, and a nullity by reason of the court's failure to prepare the jury box and draw the jury in accordance with the law as set forth in the Code, § 6-403; and upon the ground that the dismissal of the case and appeal was contrary to law.   In has been held (a holding which to the writer's mind is untenable) that a void judgment is not reviewable by writ of certiorari. *Levadas* v. *Beach,* 117 *Ga.* 178 (43 S. E. 418) ; *Murray* v. *State,* 112 *Ga.* 7 (37 S. E. 111) ; *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861) ; *Griggs* v. *Macon,* 154 *Ga.* 519 (114 S. E. 899) ; *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59) ; *Allied Mortgage Companies* v. *Gilbert,* 189 *Ga.* 756 (8 S. E. 2d, 45) ; *City of Cedartown* v. *Pickett,* 193 *Ga.* 840 (20 S. E. 2d, 263). Nor will certiorari lie to correct errors or irregularities in the preparation of the jury box and the drawing of the jury, in the absence of proper objections raised and ruled on by the trial court, showing harm to the applicant for certiorari.   *Kitchens* v. *Kitchens,* 62 *Ga. App.* 622 (9 S. E. 2d, 189) ; *Shedd* v. *Stow,* 18 *Ga. App.* 274 (2) (89 S. E. 352) ; *Stephens* v. *McNaughton,* 8 *Ga. App.* 42 (68 S. E. 459) ; *Western & Atlantic Railroad* v. *Steadley,* 65 *Ga.* 264; *Costly* v. *State,* 19 *Ga.* 614.   Care should be exercised, however, in applying the rule that certiorari will not lie to review a void judgment, as there is a distinction to be drawn between judgments which are void and judgments which are merely voidable.   "It is only jurisdictional defects which render a judgment void; mere irregularities or errors in the exercise of jurisdiction may or may not render the judgment reversibly erroneous, or voidable, but they do not render it void." 34 C. J., 509, § 811. This distinction was recognized, in a case involving a judgment in a justice's court, in *Rogers* v. *Felker,* 77 *Ga.* 46.   See *Sing Wah* v. *Singer,* 110 *Ga.* 299 (34 S. E. 1027) ; *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289).   In the *Rogers* case it was held that, where a court, as a court, had jurisdiction of the parties and the

subject-matter, mere irregularities or errors in the exercise of that jurisdiction rendered the judgment voidable but not void. In that case the justice was related to one of the parties within the fourth degree of consanguinity and therefore disqualified, and the Supreme Court affirmed the dismissal of an affidavit of illegality, intimating that the complainant's remedy was certiorari. In that line of cases exemplified by *Levadas* v. *Beach,* 117 *Ga.* 178 (supra), the trial court had no legal existence as a court or the judgment was void by virtue of the express provision of Code §. 24-908 that judgments of justice's courts rendered at a time or place . other than the time or place lawfully appointed are declared void.

The error of the court in dismissing the appeal for lack of prosecution, therefore, was not a void judgment, but merely a reversibly erroneous judgment as, under the terms of the ruling in *Singer Manufacturing Co.* v. *Walker,* 77 *Ga.* 649, an appeal to a jury is a *de novo* investigation and may not be dismissed for lack of prosecution. See, in this connection, *Merry* v. *Wilds,* 100 *Ga.* 425 (28 S. E. 444); *Bethea* v. *Dixon,* 72 *Ga. App.* 384 (33 S. E. 2d, 723), and cit.; *Griffin Marble &c. Works* v. *Padgett,* 77 *Ga.* 497. Under the allegations of the petition for certiorari, the court dismissed *the case* and *the appeal.* While, as we have said, the court had no authority to dismiss the appeal for lack of prosecution, it was proper to dismiss the case for such reason (*Rousch* v. *Green,* 2 *Ga. App.* 112, 58 S. E. 313; *Bateman* v. *Smith Gin Co.,* 98 *Ga.* 219, 25 S. E. 422); and the case having been dismissed, the entire proceeding was terminated and there was no necessity for dismissing the appeal. The plaintiff in certiorari did not, therefore, show error such as would warrant the issuance of the writ of certiorari, and the court did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*