21713. PRIDGEN v. COFFEE COUNTY BOARD OF EDUCATION et al.

SUBMITTED JULY 9, 1962—DECIDED SEPTEMBER 6, 1962—
REHEARING DENIED OCTOBER 1, 1962.

*Robert B. Sumner, J. Laddie Boatright,* for plaintiff in error.
*J. W. Waldroup, Arthur C. Farrar,* contra.

ALMAND, Justice. The bill of exceptions assigns error on (a) the order denying the motion for a judgment notwithstanding the verdict for the defendant and (b) the overruling of a motion for a new trial.

The main and controlling issue is who are the legal owners of a tract of land in Land Lot 142 of the First Land District of Coffee County, Georgia. Ernest Pridgen, asserting that he was the record holder of the paper title to the tract and legal owner of the tract, brought his petition against the County Board of Education of Coffee County and its members and prayed that the defendants be enjoined from committing waste and trespassing upon the property. To his petition he attached an abstract of his claim of title which showed that one of his predecessors in title was George W. Pridgen.

In their answer the defendants asserted that on or about June 1, 1907, George W. Pridgen orally gave to the trustees of the Pridgen School District the tract of land in question. The gift was accepted, a school was erected thereon and the premises were enclosed by a fence. The trustees of Pridgen School District operated a public school on the tract from 1907 to 1945 when under the laws of Georgia the school district was abolished. During this period some $24,000 from public funds was spent on the school plant. After 1945 the school was maintained by the

defendants until June of 1957 when the school was discontinued. During this period the defendants spent $13,000 on the school. Since 1957 the defendants have leased the tract to Pridgen Community Center, Inc. It was alleged that the defendants and their predecessors in title have been in exclusive, open, notorious and adverse possession of the tract for more than fifty years. The defendants prayed that the title to the tract be decreed in them.

On the trial of the case, after the motion of the plaintiff for a directed verdict was overruled and upon submission to the jury, a verdict was returned in favor of the defendants. Thereafter the plaintiff's motion for a judgment notwithstanding the verdict and his motion for a new trial were overruled. Error is assigned on these rulings.

■ The contention of the plaintiff is that whether George W. Pridgen in 1907 made a parol gift of the tract to the Pridgen School District or dedicated it for school purposes, it was upon condition that it be used only for school purposes and since the undisputed evidence shows that the defendants abandoned the property in 1957 for such use, the tract reverted to him as the successor in title to George W. Pridgen. The undisputed evidence shows that George W. Pridgen acquired title to the tract of land which is the subject matter of this case in 1852 and that the said George W. Pridgen on October 2, 1893, conveyed by warranty deed this tract to his wife, Mary Pridgen, and the record title remained in her until 1918 when she made a deed to plaintiff's predecessor of the record title.

It thus appears that in 1907 when George W. Pridgen either attempted to give the tract to the trustees of the Pridgen School District or to dedicate same to the public for school purposes, such action was wholly without any legal effect for the reason that he was not the owner of the tract. Therefore we are not concerned with the contention of the plaintiff that the evidence demanded a finding that George W. Pridgen either gave the tract to the trustees or dedicated the property upon the condition that it be used only for school purposes. This conclusion also eliminates from consideration the defendants' contention that they hold title and possession by reason of a parol gift from George W. Pridgen.

■ There remains only the question of whether or not the evidence authorizes a finding that the defendants have a prescriptive title to the tract even though the plaintiff established a prima facie case by introducing as evidence, deeds which disclose a record title in the plaintiff and his predecessors for more than forty years. In our opinion the evidence authorized such a finding by the jury on this issue. Actual adverse possession of lands for twenty years by itself gives good title by prescription against everyone except the State or persons laboring under specified disabilities. The undisputed evidence shows that the trustees of the Pridgen School District went into possession of this tract in 1907 under a bona fide claim of right; that they erected a schoolhouse thereon, fenced in the property, maintained a public school thereon and spent several thousands of dollars on improvements until 1945 when by laws of the State the school and its properties passed to the defendants who maintained and operated a public school until 1957 when the operation of a school on the tract was abandoned and the property leased to the community center. The evidence fully supplies every element requisite to support possession as the foundation of a prescriptive title under *Code* §§ 85-401—85-403 and 85-406.

It was not error for the court to overrule the plaintiff's motion for judgment notwithstanding the verdict nor to overrule the motion for a new trial on the general grounds.

The only special ground of the motion for a new trial complains of the court's failure to charge a principle of law relating to dedication of property by the owner for a public use. Since we have held that the evidence presented no issue as to dedication, there is no merit in this ground.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

The motion asserts that the court overlooked the evidence in the record that the trustees of Pridgen School District in 1921, recognized a superior title to be in J. F. Pridgen, a predecessor in the record title of the plaintiff, and therefore the possession of the trustees was not adverse. The only evidence in the record on which the plaintiff can base such contention is an excerpt from the minutes of the Coffee County Board of Education,

dated February 7, 1921, which recited: "It was agreed that 3½ acres of land be purchased from J. F. Pridgen for Pridgen School site and that he be paid $35.00 per acre for same." There was no evidence that the "3½ acres . . . for Pridgen School site" referred to in the aforesaid minutes was the same property then possessed by the school trustees and which is presently the subject matter of this suit. Furthermore, in 1921 the trustees of Pridgen School District (not the Coffee County Board of Education) were in possession of the school property and not until 1945 when the school district was abolished did the school property pass to the County Board of Education. Therefore the record at most indicates that if a superior title to the presently litigated tract was recognized such recognition was made by the Coffee County Board of Education and not by the trustees who possessed the property. There is no evidence in the record to indicate that after February, 1921, anything was done either by J. F. Pridgen or the county regarding the purchase of any land, but the evidence shows that for more than twenty years after 1921 the trustees continued in possession of the school property.

It is further contended that it may be implied that Mary Pridgen, the wife of George W. Pridgen and the holder of the record title to the tract in 1907, intended to abide by the conduct of her husband in permitting her property to be used for school purposes and thereby a dedication arose by implication. There is no evidence in the record as to any act or conduct on the part of Mary Pridgen as to this property. If dedication by total silence can arise by implication, the plaintiff would be barred from asserting it by virtue of *Code* § 85-410, which provides: "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." It is undisputed that the school trustees as well as the county board of education spent several thousands of dollars of public funds in improving the property for public use between 1907 and 1957. In such circum-

stances the ruling in *Chapman v. Floyd*, 68 Ga. 455 (2), would control: "If one dedicated land to the public for school purposes, and the dedication was accepted, possession taken, improvements made, capital invested, and the premises used and occupied for such a length of time as that the public accommodation would be affected by an interruption of the enjoyment, then the public (represented by the authorities of the school) would stand in the position of a purchaser for value."

*Rehearing denied. All the Justices concur.*