## 51394. GOLDEN KEY RESTAURANT & LOUNGE, INC. et al. v. KEY MANAGEMENT CORPORATION.

Clark, Judge.

This appeal is by a tenant defendant from a judgment

granting a writ of possession to the landlord plaintiff. Appellant contends the writ of possession was erroneously entered because the monthly rent had been tendered in conformance with a custom previously established between the parties whereby the tenant had been permitted to pay the monthly rent by the 10th day of each month. The interim order entered under the terms of Code § 61-304 (a) on June 2, 1975, had provided for the tenant to "pay into the registry of the court the sum of $200.00 on this day and on or before the first day of each succeeding months [sic] until final disposition of the case." (R. 56).

When the defendant tenant failed to pay the rent on the first day of the following month, that being July 1, 1975, the landlord, on July 7, filed a motion for a writ of possession upon the ground that the tenant had failed to comply with the June 2 interim order.

On July 9, 1975, after receiving notice of the landlord's motion for writ of possession the tenant paid the agreed rental into the court registry. At the hearing tenant argued that the written lease agreement was silent with reference to the date of monthly payment and that for a period of approximately two years the landlord had accepted the rent when paid on or before the 10th day of each month. The landlord contended the provisions of the court order superseded any agreement or practice. In entering the writ of possession the trial judge recited that the tenant "failed to comply with the aforesaid order of this court." This appeal followed with the trial court granting a supersedeas. *Held:*

1. Appellee's motion to dismiss this appeal is denied as the writ of possession constituted a final judgment.

2. We, agree with the tenant that Code § 61-304 (a) requires rent to be paid into the registry of the court in accordance with the terms of possession. However, "Where jurisdiction exists both of the subject matter and of the parties, as well as jurisdiction to make the particular order in question, an order is not void, but voidable, however erroneous or irregular it may be." 60 CJS Motions and Orders § 65 (d). Thus, the court's decree requiring the payment of rent on the first of each month (even if rental payments were due on the 10th of each month by agreement) was not void, but merely voidable.

See also *Thigpen v. McMichael,* 76 Ga. App. 470, 472 (46 SE2d 533).

A voidable or erroneous order cannot be disregarded; it is valid and enforceable until set aside. 60 CJS Motions and Orders § 65 (d). Moreover, unlike a void order, a merely erroneous order will support rights, remedies and proceedings predicated thereon. See 60 CJS Motions and Orders § 65 (e).

Since the court's order was not set aside, tenant was bound to comply therewith, however erroneous it may have been. And the issuance of the writ of possession was not error in view of tenant's failure to comply with the order.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 4, 1975 — DECIDED JANUARY 9, 1976.

*Tom Strickland,* for appellants.
*Gerard & Matthews, William T. Gerard,* for appellee.