THE DALTON CITY COMPANY, plaintiff in error, *vs.* H. H. HADDOCK, defendant in error.

1. Justice courts cannot set aside a judgment and grant a new trial.
2. Days of grace are not now allowed in Georgia on promissory notes not payable at a bank or at a broker's office.

Justice Courts. Judgments. New trial. Promissory notes. Days of grace. Before Judge McCUTCHEN. Whitfield county. At Chambers, May 17th, 1875.

Reported in the opinion.

The Dalton City Company *vs.* Haddock.

B. Y. HERNDON, by brief, for plaintiff in error.

HANKS & BIVINGS, by JOHNSON & McCAMY, for defendant.

BLECKLEY, Judge.

A note was sued upon in a justice's court on the second day of commercial grace. It was a Georgia contract and promised payment thirty days after date. The thirty days expired on the 14th of April, and suit was brought on the 16th. There was due service, but no appearance or defense. Judgment was rendered for the plaintiff, and shortly afterwards the defendant came in and moved to set it aside, because the suit had been prematurely brought. The justice overruled the motion, and the plaintiff petitioned the judge of the superior court for a *certiorari*, complaining that the judgment was illegally rendered, and his motion to set it aside illegally denied. The judge refused to sanction the application for *certiorari*, and that refusal is here for review.

1. In so far as the motion made in the justice's court to set aside the judgment is concerned, that is disposed of by two decisions heretofore made during the present term. See *Doughty, Pearson & Company vs. Walker; Fountain vs. Bergen.*

2. Possibly the original judgment is maintainable on the ground that the defendant is too late to present such an objection. It is true, on his theory, the defect appears upon the face of the proceedings, and there is some difficulty in upholding a judgment when the pleadings show there was no complete cause of action when suit was commenced. But dates in the description of notes are amendable, (1 Chitty Pleadings, 319,) and perhaps the legal presumption, after judgment, is, that an erroneous date was inserted in place of the true one, and that the latter, if substituted by amendment for the former, would remove the difficulty. The better rule, at all events, would be to require such a defense to be present and urged before judgment. We, however, do not at present declare this rule to be law.

Was the note under or over due? It was an ordinary instrument, engaging to pay thirty days after date, without words appointing or importing any particular place for performance of the contract. There was no indorser. The suit was between the original parties—the payee as plaintiff and the maker as defendant. Grace, demand, notice and protest are all members of the same commercial family, and we think they have all passed away, in this state, in reference to this class of paper. It is true there is no express statutory declaration to that effect, as to grace, while there is such a declaration as to the others; but two sections of the Code, which bear indirectly on the subject, are strongly indicative that the true state of the law is as we rule it. Section 1502, in defining the authority of notaries public, declares one of their functions to be, "to demand acceptance and payment of all commercial paper, *or paper entitled to days of grace,* and to note and protest the same for non-acceptance or non-payment." Section 2784 says, "The three days generally known as days of grace, and by custom allowed on papers *payable at banks or broker's offices,* shall not be allowed upon any bill or draft payable at sight." By section 2781, the subtance of which was first enacted in 1826, the necessity for notice and protest is restricted to paper payable at chartered banks. We doubt not that usage has long been against the allowance of grace on ordinary promissory notes, made in this state; and that to entitle either notes or bills, in law, to such allowance, they must be strictly commercial paper according to the tests indicated by the sections of the Code above cited.

Judgment affirmed.