Doughty, Pearson & Company *vs.* Walker.

---

DOUGHTY, PEARSON & COMPANY, plaintiffs in error, *vs.* J. F. WALKER, Justice of the Peace, defendant in error.

1. A justice of the peace has no authority to set aside a judgment rendered by him, and he may be restrained from so doing by the writ of prohibition.

2. An application for the writ of prohibition may be sanctioned in vacation, but must be made returnable to the next term of the superior court.

Justice of the Peace. Judgments. New trial. Prohibition. Before Judge HOPKINS. Fulton County. At Chambers. June 10th, 1875.

Reported in the opinion.

FRY & KING, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an application by the petitioners to the judge of the superior court of the Atlanta circuit, for a writ of prohibition to restrain the defendant, as a justice of the peace, from entertaining and hearing a motion to set aside a judgment rendered by him in his court against a garnishee for the sum of $57 00 principal, with interest and costs, on the grounds stated in the motion. The presiding judge refused the writ prayed for, and the petitioners excepted.

1. A writ of prohibition, as defined by Blackstone, is a writ issuing properly out of the court of King's Bench, being the king's prerogative writ, but for the furtherance of justice directed to the judge and parties of a suit in any inferior court, commanding them to cease from the prosecution thereof upon a suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court, or if in handling of matters clearly within their cognizance they transgress the bounds prescribed to them by the laws of England : 3 Bl. Com., 112. The office of the writ of prohibition in this state, is to restrain subordinate courts, and inferior judicial tribunals from exceeding their jurisdiction, so that each tribunal shall confine itself to the exercise of those powers with which, under the constitution and laws of the state, it has been entrusted. In our judgment it is a valuable writ, and should be upheld and encouraged on all proper occasions which may call for the exercise of its remedial functions. The practical effect of setting aside the judgment rendered against the garnishee by the justice of the peace, on the statement of facts contained in the record, would be to grant a new trial in the case. We are not aware that a justice of the peace has any lawful power or authority to do that under the constitution and laws of the state, and he might properly be restrained from doing so by a writ of prohibition, if the petitioners had sought that remedy in accordance with the provisions of the statute.

2. The writ of prohibition may be obtained in vacation, but must be made returnable in term time, that is to say, to the next term of the court thereafter: Code, section 3201. By the constitution of this state the superior court alone has jurisdiction to issue writs of prohibition, which may be granted or sanctioned by the presiding judge in vacation, and returned for a hearing to the court from which the writ issues, and which has jurisdiction thereof. Whether the defendant in the judgment sought to be set aside by the justice, should not be made a party? *Quære.* The petitioners do not pray for a writ of prohibition requiring the justice to appear at the next term of the superior court and show cause why he should not permanently be restrained from setting aside the judgment and for a temporary restraining order until the hearing, but their prayer is, that the presiding judge would grant a rule *nisi* requiring the justice to show cause upon a day, time and place, to be designated in said rule. The writ was not made returnable to any court, and the judge had no legal authority to render a final judgment in the case except in term time, and that may have been the reason why the presiding judge refused to grant the writ as prayed for as he might well have done.

Let the judgment of the court below be affirmed.