Fontaine *vs.* Bergen.

itor, his creditors have their remedy against her by garnishment. The law will keep a close watch over the married pair to prevent frauds, but will not interdict fair dealing between them, except in the instances expressly prohibited.

The principles ruled will sufficiently dispose of exceptions in the record not specially noticed.

Judgment reversed.

---

T. S. FONTAINE, plaintiff in error, *vs.* M. T. BERGEN, defendant in error.

1. There is no provision of law for a proceeding in a justice's court to set aside its own judgment and grant a new trial.

2. If a void judgment be rendered by a justice's court, although that court has no power to set it aside, it, as well as all other courts, may disregard it, and treat it as a nullity whenever and wherever it comes in question.

3. Under the act of 1873, (Code, section 4161,) final judgment may be rendered in a justice's court against a garnishee who fails to answer within ten days after service, as soon after default as there shall be a judgment against the defendant upon which to found it. This act changes the rule laid down in 44 *Georgia Reports*, 188.

4. Where the superior court has dismissed an appeal from a justice's court, and it does not appear from the record that the amount involved was over $50 00, the supreme court cannot reverse the judgement.

Justice Courts. Judgments. New trial. Garnishment. Appeal. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

On October 30th, 1873, Bergen brought suit by attachment against one Enoch Dudley in the justice court of the six hundred and sixty-eighth district, returnable on the 19th of the following month. On November 3d, process of garnishment was served upon Fontaine requiring him to answer on the 13th of the same month. On the 19th, judgment was rendered against said garnishee as in default. On the 28th, he moved to set aside said judgment on the following grounds, to-wit:

Fontaine vs. Bergen.

1st. Because he owed said defendant nothing. That on the 13th of November he went twice to the office of the justice of the peace before whom said process of garnishment was returnable, for the purpose of answering, but that officer was not there; that he was, at the time of making the motion, ready and willing to answer.

2d. Because the notice served upon him on November 3d, requiring him to answer on the 13th, was not such as was required by law.

3d. Because the time at which he was required to answer was not on the regular trial day for holding the court in said cause.

4th. Because the execution against Enoch Dudley, defendant, was void, as neither the attachment nor the summons on attachment, bears date twenty days before the day of trial.

5th. Because the 19th of November was the day set for the trial of the case, and the judgment rendered on that day was void as rendered at the first term of the court.

The motion was overruled, and Fontaine appealed to the superior court. In this tribunal the appeal was dismissed, for what cause does not appear, and Fontaine excepted.

The record in the supreme court fails either to disclose what amount was claimed by the plaintiff, or for what amount judgment was rendered either against the defendant or the garnishee.

J. M. RUSSELL, for plaintiff in error.

J. M. McNEIL; B. A. THORNTON, for defendant.

BLECKLEY, Judge.

The head-notes set forth the opinion of the court on all the points decided. Upon the first of these, see Doughty, Pearson & Company vs. Walker, 54 Georgia Reports, 595 ; The Dalton City Company vs. Haddock, Ibid., 584.

Judgment affirmed.