BACON & SONS *v.* JONES, notary public etc.

1. Upon the hearing of a petition for a writ of prohibition to prevent a justice of the peace from setting aside a judgment rendered by him, it is competent to prove by the parol testimony of the magistrate that the judgment, which was apparently valid, was in reality void as having been rendered at a time when no judgment could lawfully be rendered in his court.

2. The sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions.    The question must be made and passed upon in the court below, by a motion for a new trial.

Argued February 25, — Decided March 19, 1903.

Petition for prohibition.    Before Judge Barrow.    Chatham superior court.    February 12, 1902.

*William R. Leaken,* for plaintiff.

CANDLER, J.    Bailey sued Bacon & Sons in a magistrate's court in the city of Savannah.    On the day that the case was set for a hearing the plaintiff was not present or represented, and the defendants asked for a judgment in their favor.    The magistrate postponed the hearing of the case until the following day, presumably to give the plaintiff another chance to come in and prosecute his case.    At that time, however, the plaintiff was still absent and unrepresented, and judgment was then rendered for the defendants for the costs of the case.    Subsequently, counsel for Bacon & Sons

were notified by the magistrate that " he intended to set aside as a nullity the said judgment, and to reinstate the case." Whereupon the present petition was brought for a writ of prohibition to prevent him from taking the action indicated. Jones, the magistrate, in his answer admitted the material allegations of fact in the petition, and assigned as his reason for notifying counsel that he would set aside the judgment, that it was rendered on a day on which he had no authority in law to render any judgment. The case was submitted to a jury, and there was a verdict for the defendant. The plaintiff did not move for a new trial, but brought the case to this court by direct bill of exceptions, assigning error upon the admission by the court below of oral evidence by the magistrate as to what were his court days, and upon the refusal of the court to direct a verdict in their favor. The bill of exceptions also recites the rendition of the verdict by the jury, and adds, "which verdict the petitioner excepts to as contrary to law and contrary to the evidence and without evidence to support it, and assigns the same as error."

It is well settled that this court will not reverse a refusal to direct a verdict. It is also manifest that the losing party to a suit can not " except to a verdict as contrary to law and contrary to the evidence and without evidence to support it," without making his point in a motion for a new trial and having it passed upon by the trial court. *Holsey* v. *Porter,* 105 *Ga.* 837. There remains, then, for our consideration, the single question as to the admissibility of the evidence to which objection was made in the court below. The object for which the evidence was introduced was to show that the judgment of the magistrate was void because it was rendered on a day when no legal judgment could be rendered by him, and that it was therefore, in effect, no judgment at all. It is true, as contended by counsel for the plaintiff in error, that a justice of the peace can not set aside a legal judgment rendered by him (*Dalton City Co.* v. *Haddock,* 54 *Ga.* 584; *Doughty* v. *Walker,* 54 *Ga.* 595), but it is also true that "if a void judgment be rendered by a justice's court, although that court has no power to set it aside, it, as well as all other courts, may disregard it, and treat it as a nullity whenever and wherever it comes in question." *Fontaine* v. *Bergen,* 55 *Ga.* 410. See also *Merry* v. *Wilds,* 100 *Ga.* 425. It follows that if the judgment of the magistrate in the first instance

was in reality no judgment at all, the writ of prohibition would not lie to restrain him from disregarding it and reopening the case. We recognize the principle stated in *Parsons* v. *State*, 97 *Ga.* 75, that "no rule of law is better settled than the rule that the record of a court of competent jurisdiction imports absolute verity as to the proceedings which it sets forth as having taken place, and can not be contradicted by parol proof collaterally." The evidence objected to in this case, however, did not contradict any entry on the justice's docket, but merely explained a fact in reference to the date of the entry, which did not appear on the face of the docket. The law provides that a newly-elected justice of the peace shall give public notice of any change that he may wish to make in the time and place of holding his court, but it does not provide for any record of what that time and place is. It was, therefore, competent to show by the oral evidence of the justice what were his regular court days, and that the day on which this judgment was rendered was one on which he could not legally render any judgment. *Judgment affirmed. By five Justices.*