### McCLATCHEY *v.* BRYAN *et al.*

LUMPKIN, J. Justices' courts must be held at fixed times and places. Civil Code (1910), § 6524. If a justice of the peace is disqualified, another justice may preside in his stead. Civil Code (1910), § 4669. But this does not authorize a justice of another militia district so presiding to hear and dispose of the case elsewhere than at the regular place of holding court by the justice for whom he is presiding. A judgment so rendered at some other place is void. And this is so although the justice of the other district presided in the place where the notary public and ex-officio justice held his court (he being also disqualified). Civil Code (1910), § 4705; *Hilson* v. *Kitchens,* 107 Ga. 230 (33 S. E. 71, 73 Am. St. R. 119). It is not rendered valid by reason of the fact that the parties may consent to the trial at a different place from that of the regular court-ground of the court in which the case is pending.

(a) While the petition did not pray for process, and might have been in some respects subject to objection, yet from the bill of exceptions and record it appears that the court passed on the merits of the matter rather than on objections relating to form; and this court will deal with it in the same way.

(b) In a proper case an equitable suit will lie to set aside a judgment in a justice's court. In the present case an affidavit of illegality did not furnish a complete remedy.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*

NOVEMBER 12, 1915.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 10, 1914.

*G. A. K. Stevens* and *James L. Key,* for plaintiff.

*Robert C. & Philip H. Alston* and *Munday & Cornwell,* for defendants.