*Anderson, Cann & Cann,* for defendant.

---

### 6779. SPIVEY *v.* RENEAU.

1. In order to foreclose a materialman's lien for material furnished a contractor, to be used in improving the property of another, it is necessary that the materialman have judgment against the contractor in a previous action, or the contractor must be sued in the foreclosure proceeding concurrently with the owner of the property improved. In the present case the contractors (apparently a copartnership, as shown by the original contract) were not, at the time of the trial, defendants to the suit to foreclose the lien, and no judgment against the contractors

having been previously obtained, the judgment of the trial court against the owner of the property was error.

2. The authority of the appellate division of the municipal court of Atlanta on a motion for a new trial is limited to "sustaining or overruling said motion." Acts of 1913, p. -169, § 42 (f).

DECIDED MAY 1, 1916.

Lien foreclosure; from municipal court of Atlanta. June 28, 1915.

*W. F. Buchanan,* for plaintiff in error.

BROYLES, J. 1. J. L. Reneau brought suit against Mrs. Eula M. Spivey, as owner of the realty improved, and Newton H. Satterfield, Richard Spencer, and J. L. Denton as contractors, to foreclose a materialman's lien for roofing. A special judgment was asked for against the property, and a general judgment against each of the defendants. Service was perfected on ̊Satterfield, Denton, and Mrs. Spivey, and a return of non est inventus was made as to Spencer. The plaintiff amended his petition by striking therefrom the defendants Denton and Spencer. On the trial the plaintiff testified that his contract was with Spencer alone, and that he furnished the material to Spencer. There was no proof of a partnership between Spencer and Satterfield, except what could be inferred from the written contract entered into between Mrs. Spivey and Spencer and Satterfield. This contract was admitted in evidence, and so much as is material for the consideration of this point is as follows: "This day Mar. 28, 1914. The below is to certify an agreement between W. A. Spencer & N. H. Satterfield of the first part, Mrs. Eula May Spivey of the 2nd part. Spencer & Satterfield herein & agrees to erect," etc. The signatures to this contract were as follows: "Mrs. Eula May Spivey, N. H. Satterfield, W. A. Spencer." The plaintiff having dismissed his action as to Spencer, and, the partnership itself (if there was one) not having been sued, there was no compliance with the prerequisite condition that, in order to foreclose a materialman's lien, a judgment must first, or concurrently, be obtained against the contractor. *Pike Brothers Lumber Co.* v. *Mitchell,* 132 *Ga.* 675, and cases therein cited. The judgment of the trial court was therefore erroneous.

2. Under the pleadings and the evidence in this case, the appellate division of the municipal court was without authority to render the following judgment: "After a hearing of this case it is

considered, ordered, and adjudged by the court that the judgment complained of in the foregoing case be and the same is hereby affirmed and a new trial denied, with judgment for $.... costs against appellant. However, this case is remanded to the trial judge, Hon. T. O. Hathcock, with direction that said judgment of the Hon. T. O. Hathcock be so amended as to conform to the pleadings,—that is to say, said judgment be so amended that a general judgment shall be rendered against Spencer & Satterfield a copartnership, and Newton A. Satterfield, and that the material-man's lien of plaintiff be set up and foreclosed against the real estate belonging to the Mrs. Eula May Spivey, which real estate is described in said suit and lien." See, in this connection, *Cheshire* v. *Western Union Telegraph Co.*, 16 *Ga. App.* 790 (86 S. E. 405).                                *Judgment reversed.*