## COLUMBIAN IRON WORKS v. CRYSTAL SPRINGS BLEACHERY COMPANY.

1. There can be no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved with such materials, in the absence of a valid judgment in personam in favor of the materialman against the contractor for the price of such materials, rendered previously in an independent suit against the contractor or concurrently in the foreclosure suit where the contractor and the owner of the land are both made parties and duly served.

2. A judgment in favor of the materialman against the contractor for the amount of the debt, obtained in another State, being unenforceable in

this State until sued on and reduced to judgment in this State, will not suffice to comply with the requirements of the law as indicated in the preceding note:

AUGUST 18, 1916.

Equitable petition. Before Judge Wright. Walker superior court. June 7, 1915.

The Columbian Iron Works, a corporation under the laws of Tennessee, instituted an action against the Crystal Springs Bleachery Company, a corporation under the laws of Georgia, to foreclose a lien under the Civil Code, § 3352, par. 2, for the price of certain materials furnished by the plaintiff to the Converse Bridge Company, a corporation under the laws of Tennessee, which materials had been used by the contractor in the improvement of the real estate located in Georgia and the buildings thereon. The contractor was not made a party defendant to the suit; but it was alleged, that, after the claim of lien had been duly filed and recorded according to the laws of Georgia, the contractor had been adjudicated a bankrupt in the court of bankruptcy in the State of Tennessee, and, upon application to the court of bankruptcy, a discharge had been stayed until a judgment could be obtained against the bankrupt; and that the plaintiff had instituted a suit in the State court of Tennessee against the contractor and had obtained a judgment against it for the amount of the debt, for which a lien was sought to be set up against the property of the defendant in the suit in the courts of Georgia. The prayer was, that, for the amount so recovered in Tennessee, the plaintiff have a judgment against the Crystal Springs Bleachery Company, and that the court decree a lien against the real estate and buildings thereon to satisfy the judgment. The defendant filed a demurrer, which, as amended, set up, among other things, the following in substance: (*a*) That the petition did not allege facts sufficient to authorize the relief sought. (*b*) That the alleged contractor was not made a party defendant to the suit. (*c*) That the judgment rendered in the Tennessee court is not such a judgment as, in contemplation of the laws of Georgia, is necessary to be rendered against a contractor as a condition precedent to obtaining a judgment of foreclosure of a contractor's lien on real estate against the owner of the property. The demurrer was sustained, and the action was dismissed. The plaintiff excepted.

*Rosser & Shaw,* for plaintiff.

*W. H. Payne* and *R. M. W. Glenn,* for defendant.

ATKINSON, J.   All the grounds of demurrer bear upon the question of· the sufficiency of the petition to withstand a general demurrer, and need not be dealt with separately.   By the action it was sought to set up a statutory lien against the defendant, to subject its property to the payment of the debt owed by the contractor to the plaintiff for supplies furnished for the improvement of the defendant's property, and used by the contractor for that purpose. The statute upon which the action was predicated, though several times amended in certain respects not material to the present case, has been in effect for a number of years.   In *Lombard* v. *Trustees,* 73 *Ga.* 322, it was held:   "Where a materialman sought to foreclose a lien on realty on account of lumber furnished by him to a contractor working thereon, this could not be done by a direct suit on the part of the materialman against the owner of the realty alone, without suing the contractor to whom the lumber was furnished."   This ruling was announced after construing the statute upon which the claim of lien was predicated.   In the course of the opinion it was said, on page 324:   "If a statute be susceptible of two constructions, one consistent with natural equity and justice and one inconsistent therewith, the court should give it that construction which comports with natural equity and justice.   The plaintiff in this case is seeking to reach a fund which is due and owing by defendant to Stallings, the contractor, and that too without having made Stallings a party to the proceeding.   The debt which the plaintiff seeks to have paid is a debt which Stallings owes him; it would seem that Stallings should have an opportunity to be heard before the debt which defendant owes him shall be taken to pay a debt which plaintiff claims Stallings owes him..   To authorize the proceeding instituted by plaintiff would be to allow property of the citizen to be taken without trial and with no opportunity afforded for defense.   Such a course would be contrary to justice and against common right."   In *Mauck* v. *Rosser, 126 Ga.* 268 (55 S. E. 32), it was held:   "There can be no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved with such materials, in the absence of a valid judgment in his favor against the contractor for the price of such materials."   See also *Clayton* v. *Farrar Lumber Co.,* 119 *Ga.* 37 (45 S. E. 723).   The rulings above mentioned were cited and applied in *Griffin* v. *Gainesville Iron Works,* 144

*Ga.* 840 (88 S. E. 201), concerning which it was stated: "The principle announced in these decisions is a construction of the statute giving to materialmen a lien. This construction was placed upon the statute in the case of *Lombard* v. *Trustees,* 73 *Ga.* 324, decided in 1885, and has been consistently followed for a period of more than thirty years. In the meantime many legislatures have convened, and there has been no amendment of the law so as to change the construction put upon the statute by this court; and under these circumstances we decline to overrule a line of decisions adhering to the construction as originally put upon the statute." Applying the principle of the case above mentioned, it was further said by Presiding Justice Evans, on page 842: "It is indispensable to the foreclosure of a materialman's lien against the owner of the real estate improved that there be a valid judgment against the contractor. The materialman may sue the contractor separately and obtain his judgment, and thereafter foreclose his lien against the owner of the real estate alleged to have been improved; or, if the contractor is a resident of the county where the property against which the lien is sought to be established is located, the materialman may proceed in the same action against the contractor and owner of the real estate, and recover a judgment in personam in that action against the contractor. But, whatever course of procedure is adopted, it is indispensable to the materialman's obtaining a judgment of foreclosure of his lien against the property that he have a valid judgment against the contractor." In *Pike Lumber Co.* v. *Mitchell,* 132 *Ga.* 675 (64 S. E. 998, 26 L. R. A. (N. S.) 409), it was held: "In order to foreclose a materialman's lien for materials furnished a contractor to be used in improving the property of another, it is necessary that the materialman have judgment against the contractor in a previous action, or the contractor must be sued concurrently in the foreclosure proceedings with the owner of the property improved. If the contractor be adjudged a bankrupt, so that no judgment in personam can be had against him in an action at law, his immunity from liability to a personal judgment will not give the materialman a right to foreclose his lien in equity against the property improved." It thus appears that the valid judgment against the contractor which it is contemplated by the statute that materialmen should have upon which to predicate his judgment of foreclosure of lien against the owner

of the property is "a valid judgment in personam." When such a judgment is obtained against the contractor for the amount of the materialman's debt, which the owner should be called upon to pay in discharge of the lien against his property, the judgment will protect the owner as against the contractor for having paid over the amount to the materialman, and, after payment, would authorize the owner to control the fi. fa. for reimbursement against the contractor. In this case there was no attempt by the materialman to sue the contractor for a judgment in personam concurrently with the owner of the land, in the action to foreclose the lien; nor was there any attempt to show any judgment rendered by the courts of this State against the contractor in personam. Recognizing the necessity of having a judgment in personam against the contractor, it was urged that under the full faith and credit clause of the constitution of the United States, and acts of Congress in pursuance thereof, the judgment rendered in the court of Tennessee would suffice. In Lynde v. Lynde, 181 U. S. 183 (21 Sup. Ct. 555, 45 L. ed. 810), it was said: "By the constitution and the act of Congress, requiring the full faith and credit to be given to a judgment of the court of another State that it has in the State where it was rendered, it was long ago declared by this court: 'The judgment is made a debt of record, not examinable upon its merits; but it does not carry with it, into another State, the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another State, it must be made a judgment there; and can only be executed in the latter as its laws may permit.'" As the judgment of the court of Tennessee could not be enforced by execution in this State, it is clear that such a judgment is not the character of judgment which, according to the rulings of this court hereinbefore mentioned, was contemplated as being necessary for the materialman to have against the contractor before he could acquire a judgment of foreclosure of his lien against the owner of the land.

There was no error in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except*

LUMPKIN, J., dissenting. I can not concur in this decision. The reason on which the ruling by this court that the contractor must be sued to judgment previously to or concurrently with the foreclosure of the lien on the owner's property rests, is that the

contractor is entitled to be heard as to whether he owes the alleged debt. This is fully answered by a previous suit and judgment in personam against him in another State, which is conclusive as to the fact of liability. It is not a question of obtaining a lien on his property in this State, or a judgment enforceable here by levy or the like means. Under the ruling of the majority of the court, it seems to me that a contractor can defeat any enforcement of the lien on the owner's property, by simply going to another State.