8260.  ATKINSON *v.* WINGATE PLUMBING COMPANY.

In order to foreclose a lien for material furnished to a contractor, to be
    used in improving the land of another person, it is necessary that the
    materialman have judgment against the contractor in a previous ac-
    tion, or, if the landowner and the contractor reside in the same county,
    they may be sued in the same action; but if they reside in different
    counties, they can not be joined as defendants, except where special
    reasons permit recourse to a court of equity.

DECIDED JULY 5, 1917.

Foreclosure of lien; from Fulton superior court—Judge Pen-
dleton.  April 15, 1916.

*Spencer R. Atkinson, Hugh M. Scott,* for plaintiff in error.

*Bachman & Simmons,* contra.

BLOODWORTH, J.  Wingate Plumbing Company brought suit, in
Fulton superior court, against "J. L. Pettigrew of said State and
county, and Burwell Atkinson, a resident of the county of Cam-
den, said State," alleging that the plaintiff, a corporation, had
furnished to J. L. Pettigrew, who was a contractor, certain ma-
terial, and that the plaintiff did certain plumbing work in the con-
struction of two houses, the owner of which was Burwell Atkinson.
Plaintiff prayed for a general judgment against said contractor,
and for "a materialman's and contractor's lien" against the prop-
erty of said Burwell Atkinson, described in the petition.  Atkinson
entered a special appearance for the purpose of moving to dismiss
the proceeding so far as it related to him; and also filed a plea to
the jurisdiction of the court, alleging, "that he was and for many
years prior to the institution of said suit, and was at the time of
the institution thereof, and is now a citizen of the county of Cam-
den in said State, and is not now nor has he hitherto been at any
time a citizen of the said county of Fulton; that the alleged cause
of action in plaintiff's declaration set out is not such as will au-
thorize the institution of said suit as against him elsewhere than
in the county of Camden in said State; that the superior court of
Fulton has no jurisdiction as against him in the premises, and
that the superior court of the county of Camden alone has juris-
diction as against him in the premises; and therefore upon the
premises he prays the court to dismiss the plaintiff's said suit
for want of jurisdiction."  The question raised by the plea to the
jurisdiction was submitted to the court for determination without
the intervention of a jury, and upon the following agreed state-

ment of facts: "That Burwell Atkinson at the time of the institution of the suit and for many years prior thereto and since that time has continuously resided in Camden county, Georgia; that the superior court of Camden county has jurisdiction to try suits against him; that at the term of this court to which this cause was made returnable the defendant Burwell Atkinson entered a special appearance for the purpose of making a motion to dismiss the suit against him, upon the ground that it appeared upon the face of the declaration that this court had no jurisdiction of the person of Burwell Atkinson, in that he resided in the county of Camden, and not in the county of Fulton." This motion was heard by Judge Bell, who overruled it and refused to dismiss the action.

Under the above submission the court found against the plea to the jurisdiction. This we think was error. Under the head of venue the constitution of this State provides where suits shall be brought in divorce cases, cases respecting title to land, equity cases, suits against joint obligors, joint promisors, copartners, or joint trespassers, suits against makers and indorsers of promissory notes, or drawer, or acceptor, and indorser of foreign or inland bills of exchange, or like instruments. See Civil Code (1910), §§ 6538-6542. A suit against a contractor to whom a materialman has furnished plumbing material, and for whom he has done plumbing work, and against the owner of the realty, is not covered by either of the foregoing sections. Section 6543 of the Civil Code of 1910 provides that "All other civil cases shall be tried in the county where the defendant resides." This section applies in the instant case, and would require suit against defendant Burwell Atkinson to be brought in Camden county, where he resides. Under the rulings of this court and the Supreme Court, in order to foreclose the lien of a materialman who has furnished a contractor with material to be used in improving the property of another, it is necessary that the materialman have judgment against the contractor in a previous action, or the contractor must be sued in a foreclosure proceeding concurrently with the owner of the property improved. *Spivey* v. *Reneau,* 18 *Ga. App.* 37 (88 S. E. 795); *Buck* v. *Tifton Mfg. Co.,* 4 *Ga. App.* 695 (62 S. E. 107); *Griffin* v. *Gainesville Iron Works,* 144 *Ga.* 840 (2) (88 S. E. 201); *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32); *Columbian Iron Works* v.

31

*Crystal Springs Bleachery Co.,* 145 *Ga.* 621 (89 S. E. 751). In *Mauck* v. *Rosser,* supra, is the following: "It took a statute to render the owner of the real estate improved personally liable to any extent to a materialman for material furnished by him to the contractor who improved the property. If the owner and the contractor had been, under the existing law, jointly liable to the materialman, under the contract between him and the contractor, this statute would have been unnecessary." In the case of *Buck* v. *Tifton Mfg. Co.,* supra, Judge Powell said: "Except in those cases where, by reason of the fact that both reside in the same county, the contractor and the landowner can be joined in the same suit, or where special reasons permit of recourse to a court of equity, the materialman should reduce his claim against the contractor to judgment before he sues upon it to establish a lien against the landowner."

It is true that in the case of *Griffin* v. *Gainesville Iron Works,* supra, Mr. Presiding Justice Evans said: "It is indispensable to the foreclosure of a materialman's lien against the owner of the real estate improved that there be a valid judgment against the contractor. The materialman may sue the contractor separately and obtain his judgment, and thereafter foreclose his lien against the owner of the real estate alleged to have been improved; or, if the contractor is a resident of the county where the property against which the lien is sought to be established is located, the materialman may proceed in the same action against the contractor and the owner of the real estate, and recover a judgment in personam in that action against the contractor." As will be seen by reference to the facts of that case, however, the statement of the learned Presiding Justice, that "If the contractor is a resident of the county where the property against which the lien is sought to be established is located, the materialman may proceed in the same action against the contractor and the owner of the real estate," was merely obiter.

As the court erred in finding against the plea to the jurisdiction, all subsequent proceedings in the case, so far as defendant Atkinson is concerned, are nugatory, and it is useless to consider the other assignments of error.

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*