### EDWARDS & DANIEL v. EDWARDS, notary, etc.

PER CURIAM.   1. This was a suit upon a sworn open account, as provided in the Civil Code (1910), § 4730, the same being an unliquidated demand. The affidavit as to correctness of the account antedated, and like the account was attached to, the original summons as a part thereof. The original summons, properly construed in connection with the sworn account, was a suit upon an unliquidated demand for $100 as principal debt, and $16.33 interest, the amount sworn to be due in the affidavit. The demand for the amount above stated was in effect a disclaimer for any part of the principal debt in excess of $100.

2. The demand being of the character above stated and the amount of principal debt claimed by the plaintiff being not in excess of $100, the justice's court had jurisdiction of the case. *Jennings* v. *Stripling,* 127 *Ga.* 778 (56 S. E. 1026).

3. A justice of the peace has no authority to set aside a judgment rendered by him (*Dalton City Co.* v. *Haddock,* 54 *Ga.* 584; *Doughty* v. *Walker,* 54 *Ga.* 595; *Mills* v. *Bell,* 136 *Ga.* 687, 71 S. E. 1120); and consequently where a judgment based on the summons referred to in the first note had been regularly entered upon the docket of the justice of the peace, the subsequent entering of a second judgment on the same day before adjournment of the court, purporting to set aside the first mentioned judgment, was itself void and should be treated as a nullity. Civil Code (1910), § 5964; *Greene* v. *Oliphant,* 64 *Ga.* 565 (2).

(*a*) The alleged grounds upon which the first judgment was set aside were: (1) The amount claimed by the plaintiff exceeded the jurisdiction of the court. (2) Fraud practiced upon the attorney for the defendant, which prevented him from attending the court.

(*b*) If the judgment was obtained by fraud as indicated above, the fraud could be waived, leaving the judgment to stand enforceable, or, if not subsequently waived, it could be set aside in a court of equity, at the instance of the losing party to the judgment (*McClatchey* v. *Bryan,* 144 *Ga.* 292 (1*b*), 86 S. E. 1085), but until set aside it would be binding.

4. The issuance of an execution by a justice of the peace upon a judgment rendered in the justice's court is a ministerial act. *Scott* v. *Bedell,* 108 *Ga.* 205 (2) (33 S. E. 903). Consequently, relationship of the justice of the peace to one of the parties does not disqualify the justice of the peace from issuing the execution.

5. It is the duty of a justice of the peace to issue an execution upon a judgment rendered in his court; and where there is a refusal to perform such duty, mandamus is an available remedy against him. *Scott* v. *Bedell,* supra.

6. The court erred in refusing a mandamus absolute.

*Judgment reversed.   All the Justices concur, except*
ATKINSON, J., who dissents on account of the ruling in the second note.

Judges, 33 C. J. p. 1021, n. 19.
Justices of the Peace, 35 C. J. p. 524, n. 47, 48, 51; p. 543, n. 63; p. 657, n. 44 New; p. 678, n. 54; p. 679, n. 63; p. 680, n. 83; p. 865, n. 42.
Mandamus, 38 C. J. p. 638, n. 3.

, He disagrees to the ruling there made, for reasons indicated in his dissenting opinion in *Jennings* v. *Stripling*, supra.

No. 5469.   FEBRUARY 24, 1927.

Petition for mandamus.   Before Judge Perryman.   Taliaferro superior court.   April 10, 1926.

An original summons from a justice's court, in a suit by Edwards & Daniel against the companies hereafter named, was ˙as follows: "The defendant is hereby required to be and appear personally or by attorney at the J. P. Court . . to answer plaintiff's demand in an action of debt due upon account.   A copy is hereto attached.   Given under my hand and seal, this 8th day of December, 1925.

"G. T. Edwards, N. P. & Ex Officio J. P. 601st District G. M."

(Seal)

Attached to summons is following bill:

"February 24, 1925.

"Louisville and Nashville Railroad Company, Atlantic Coast Line Railroad Company, Lessees of the Georgia Railroad and Banking Company,

"To Edwards & Daniel, Dr.

"1922.   October 4th, To hauling in one Ford touring-
car to garage . . . . . . . . . $2.00

October 4th, To storage for one Ford touring-
car from October 4, 1922, until February 24th,
1925, at rates of $3.50 per month, for two
years & 4 months . . . . . . . . . $98.00

$100.00

"Interest 7% for two years . . . . . . . . . $16.33

"Georgia Taliaferro County:—Personally came before me, the undersigned attesting officer, Omer T. Edwards, a partner of the partnership Edwards and Daniel, who, being duly sworn, on oath says that the above named and stated account is just and true and unpaid, and that the defendant Louisville and Nashville Railroad Company and Atlantic Coast Line Railroad Company, lessees of the Georgia Railroad and Banking Company, corporations, owes plaintiff, Omer T. Edwards, the sum and amount claimed therein, to wit, $100.00 as principal, and $16.33 as interest.   Sworn to and subscribed to before me, this the 5th day of December, 1925.

O. T. Edwards."

"G. T. Edwards, N. P. & Ex Officio J. P."

G. T. Edwards, N. P. & ex-off. J. P., being disqualified, the case was tried before P. F. Stanton, justice of the peace for the district. At the trial judgment was rendered against defendants for $100 principal, and $16.33 interest, with future interest at 7 per cent. Edwards, ex-off. J. P., refused to issue an execution on this judgment, and a mandamus proceeding was instituted against him in the superior court, a certified copy of the judgment being attached to the petition. He demurred to the petition for mandamus, on the grounds: (a) it does not set forth any cause of action or any ground for mandamus; (b) it does not allege that the judgment upon which execution is sought to issue is a final judgment; (c) it does not allege that the judgment is a valid judgment. He also answered, admitting that he refused to issue an execution, and alleging that no valid judgment was rendered in the above-mentioned case; that the judgment was a nullity and of no effect; that the time stated in the account for storage sued on was two years, four months, and twenty days, which at the above rate charged amounted to more than $100, a principal sum in excess of the jurisdiction of the justice's court; that even if the judgment was valid in other respects, it was void, due to the following deception perpetrated by counsel for plaintiffs on defendants' counsel: The law offices of counsel for plaintiffs and counsel for defendants are on the lower floor of the court-house, just diagonally across the hall from each other, the court-room being upstairs. The justice's court was frequently held in the office of plaintiffs' counsel during the winter months, instead of the cold court-room without fire. The attorneys for each side met on the morning of court day, and counsel for plaintiffs asked about trying the case that day; counsel for defendants replied he would be ready, and asked where the court would be held; counsel for plaintiffs replied it would be held in his office, suggesting the time when it would convene. At the time suggested defendants' counsel went to the office of plaintiffs' counsel, but found the door locked and received no response from knocking; he then returned to his office and kept on the lookout for some time without seeing or hearing any one pass down the hall; he finally heard noises in the superior-court room, and at once went upstairs, where he was informed that the case had been tried without any notice to him, notwithstanding his name as attorney

appeared to the demurrer and plea filed in the case. He advised the court of what had transpired between the attorneys, and upon his motion the magistrate hearing the case vacated the judgment. Due to the fact that plaintiff had left the court and was not in reach, the case was continued to the next term. Counsel for plaintiffs having been informed by the court that the judgment had been vacated at the prior term, the case proceeded to trial, counsel for each side being present, when the court on motion for defendants' counsel dismissed the suit. From this judgment of dismissal there has been no appeal; it is the final judgment in the case; and the judgment sought to be the basis for an execution is not a final judgment, as well as being absolutely void; it was properly vacated, and no execution can be issued upon it. Plaintiffs had a legal remedy if dissatisfied with the judgment being vacated, but preferred trying the case at the next term of court, recognizing that the judgment had been vacated, rather than exercise such remedy. They also had a legal remedy when the case was dismissed at the following term, but preferred to exercise no such remedy.

The plaintiffs moved the court to strike the answer as insufficient to constitute a defense. The petition and answer were considered as evidence. The superior court refused to make the mandamus absolute. The plaintiffs excepted, assigning error on the above judgment as being contrary to law upon the following grounds: (1) The refusal of plaintiffs' motion to strike the answer, on the grounds that the answer set forth no sufficient reason in law why the mandamus absolute should not have been granted, was error. (2) No issue of law or fact was raised by the answer. (3) If any issue of fact was raised by the answer, it should have been referred to a jury. (4) The judge's order was based on the petition and answer, which was in effect an adjudication that the petition was prima facie insufficient to show that an execution should issue, though a certified copy of the judgment was a part of the petition. (5) The order was an adjudication that the justice of the peace was invested with authority under the law to vacate and set aside the judgment. (6) The answer admits that the judgment was rendered on January 22, 1926, and that the same was vacated for reasons anterior to the judgment. (7) The jurisdiction of the justice's court is patent upon the statement of the cause of action, as showing that only 28 months was sued for.

*J. A. Mitchell* and *P. H. Mitchell,* for plaintiffs.
*Hawes Cloud,* for defendant.