CRESWELL *v.* BRYANT HARDWARE COMPANY *et al.*

GILBERT, J.   The pleadings and the evidence make the following case: Creswell borrowed money from one Davis. When he failed to pay, Davis sued the debt to judgment. Execution issued and was levied upon the land of Creswell. The land was sold at sheriff's sale, and Bryant Hardware Company became the purchaser. Prior to the sale the hardware company entered into an agreement with Davis, by which it contracted to buy the land at sheriff's sale and pay Davis the amount due him. Davis agreed to allow the hardware company ninety days in which to pay him all except a $1000 cash payment. This agreement was not known to the defendant in fi. fa. until after the sale. The purchaser was not put in possession immediately. After the lapse of several months the purchaser filed a petition in the superior court of Whitfield County, praying that the sheriff be required to dispossess the defendant in fi. fa. and put the purchaser in possession. The judge signed and issued, in Murray County, a rule nisi requiring the sheriff of Whitfield County and the defendant in fi. fa. to show cause in the latter county, on a named date, why the order prayed should not be granted. On said date the judge passed an order requiring the sheriff to dispossess defendant in fi. fa. and put the purchaser in possession. Thereupon defendant in fi. fa. filed a petition to enjoin the sheriff and pur-

chaser from interfering with his possession, on the grounds that the above order to put purchaser in possession was passed in Murray County, instead of in Whitfield as cited by the rule, in which former county the court had no jurisdiction to pass the same; and that defendant in fi. fa. had discovered, after the judgment against him in favor of Davis was rendered, that Davis had not allowed him a credit of $1583 he had paid, which fact he had made known to Davis, who had admitted its truth, and who had agreed, if defendant in fi. fa. would allow the sale to proceed, to see that defendant in fi. fa. would not be dispossessed from his home and a sufficient number of acres for his support during his lifetime, and that A. M. Bryant, of the hardware company, who acted for that company at said sale, knew of this agreement and consented thereto. On the hearing of the petition for injunction, Bryant testified that he was at the sale, which was in Dalton, Whitfield County, but did not see Davis; but there was no denial in his testimony as to the alleged agreement between plaintiff in fi. fa. and defendant in fi. fa. The court dissolved the restraining order, refused a temporary injunction, and ordered that Creswell be dispossessed and the hardware company put in possession. To these judgments the petitioner excepted. *Held:*

1. The judgment regularly rendered between the creditor and debtor, until set aside for .fraud, accident, mistake, or other cause, was conclusive and binding between them as to the amount of the indebtedness. The agreement alleged to have been made between the parties therefore was without consideration and not binding. Civil Code (1910), § 5943; *Haynes* v. *Armour,* 146 *Ga.* 832 (92 S. E. 648).

2. The fact that a rule nisi was issued upon the purchaser's petition in a county other than the one wherein the land lay would not render the judgment thereon void, where the petition and rule were duly filed in the proper court and the judgment had was in the proper court.

3. It follows from the above rulings that the court did not err in refusing an injunction and in ordering the sheriff to dispossess the defendant in fi. fa. and put the purchaser in possession.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 6237. April 13, 1928.

Petition for injunction. Before Judge Pittman. Whitfield superior court. August 26, 1927.

*William E. & Gordon Mann,* for plaintiff.

*J. A. McFarland,* for defendants.