20

### 31535. HERB *v.* WOLFE.

FELTON, J. 1. If the motion to set aside the verdict and judgment be construed as a motion in arrest of judgment or to set aside the judgment on the ground that the petition was so defective that no legal judgment could be based on it, the overruling of the general demurrer to the petition was unexcepted to and became the law of the case. *Georgia Northern Ry. Co.* v. *Hutchins & Jenkins,* 119 *Ga.* 504 (46 S. E. 659); *Palmer* v. *Jackson,* 188 *Ga.* 336 (4 S. E. 2d, 28).

2. In a proceeding to foreclose a lien on real property for the furnishing of labor and materials in its improvement, it is permissible for the laborer or materialman or both to sue the contractor for a judgment in the same action. *Royal* v. *McPhail,* 97 *Ga.* 457 (25 S. E. 512); *Massachusetts Bonding & Ins. Co.* v. *Realty Trust Co.,* 142 *Ga.* 499 (83 S. E. 210); *Holmes* v. *Venable,* 27 *Ga. App.* 431 (3) (109 S. E. 175); *Griffin Brothers* v. *Gainesville Iron Works,* 144 *Ga.* 840 (88 S. E. 201); *Columbian Iron Works* v. *Crystal Springs Bleachery Co.,* 145 *Ga.* 621 (89 S. E. 751). Therefore, under the allegations of the second count and the prayers, the legal intendment of the verdict found was in favor of the plaintiff and against the defendant contractor and in favor of a lien on the owner's property. It follows that the only legal basis for the court's action would have been a motion for a new trial, grounded on the contention that the evidence did not authorize the verdict. There being no brief of evidence, the motion to set aside is a nullity if it is treated as a motion for a new trial. *Schofield's Sons Co.* v. *Vaughn,* 40 *Ga. App.* 568 (150 S. E. 569); *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753); *Crenshaw* v. *Crenshaw,* 198 *Ga.* 536 (32 S. E. 2d, 177); *Claughton* v. *State,* 179 *Ga.* 157 (175 S. E. 470).

3. The court erred in setting aside that part of the judgment which set up a lien on the owner's property.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*

DECIDED MARCH 21, 1947.

*John J. Sullivan,* for plaintiff.
*Robert E. Falligant,* for defendant.