37060. HARRIS *v.* ROBERTSON, Administrator, *et al.*

DECIDED MARCH 18, 1958.

*William A. Zorn,* for plaintiff in error.
*Reinhardt & Ireland, Bob Reinhardt,* contra.

NICHOLS, Judge. 1. The contention was made in the plaintiff's motion to set aside the verdict and judgment against him that his voluntary dismissal of his action carried with it the defendant's cross-action, and since this appears upon the "face of the record" that it was error to deny his motion.

In support of this contention the plaintiff relies on *Holloway* v. *Dorsey,* 72 *Ga. App.* 1 (32 S. E. 2d 858). In that case the demurrers to the cross-action were not ruled on so as to become the law of the case, and the decision by this court was based on the fact that the "cross-action" was an attempt to set off an action ex contractu against an action ex delicto, which is not permitted. Code § 3-113. Here the ruling on demurrer, unexcepted to, established as the law of the case that the defendant's plea contained proper subject matter for which affirmative relief could be obtained. See *Story* v. *First Nat. Bank of Thomson,* 34 *Ga. App.* 27 (128 S. E. 12); *Bennett* v. *Simmons,* 30 *Ga. App.* 529, 531 (118 S. E. 493), and cases cited. Accordingly, the voluntary dismissal of the plaintiff's petition did not carry with it the defendant's cross-action. See Code § 3-510; *Fender* v. *Hendley,* 196 *Ga.* 512, 514 (26 S. E. 2d 887), and citations.

2. The remaining questions raised by the motion to set aside the verdict and judgment were: 1: The cross-action was not responsive or germane to the issues raised by the original petition filed by the plaintiff, and 2. No cause of action for the recovery sought rested in the defendant filing the cross-action.

These issues were also controlled adversely to the plaintiff's contentions by the ruling on the plaintiff's demurrer, which became the law of the case when unexcepted to. See *Herb* v. *Wolfe,* 75 *Ga. App.* 20 (41 S. E. 2d 817). Accordingly, the trial court did not err in denying the plaintiff's motion to set aside the verdict and judgment adverse to him on the defendant's cross-action.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*