38487. WILDER *et al.* v. HARRISON.

DECIDED SEPTEMBER 27, 1960.

*Robert F. Lyle,* for plaintiffs in error.

*J. Corbett Peek, Jr.,* contra.

NICHOLS, Judge. The defendant contends, in support of the trial court's judgment granting his motion for nonsuit, that, even if the plaintiffs proved their case as laid, if the evidence further showed that they were not entitled to recover, then the nonsuit was proper. See *Cadranel v. Wildwood Construction Co.,* 101 Ga. App. 630 (115 S. E. 2d 415); and *Code* § 110-310.

In the present case the defendant's general demurrer to the petition was overruled and no exception was taken to such judgment. Therefore such judgment established the law of the case and unless such judgment is reversed the plaintiffs are entitled to a verdict if the allegations of the petition are proved. " 'A plaintiff is entitled to prove everything he alleges in a petition upon which he is permitted to go to trial without objection on the part of the defendant.' *Mayor &c. of Macon v. Melton,* 115 Ga. 153, 156 (41 S. E. 499); *Overstreet v. W. T. Rawleigh Co.,* 75 Ga. App. 483 (2) (43 S. E. 2d 774)." *Cloud v. Stewart,* 92 Ga. App. 247, 250 (88 S. E. 2d 323). See also as to the law of the case being established by rulings on demurrers, *Harris v. Robertson,* 97 Ga. App. 341 (103 S. E. 2d 95); and *Reeves v. Madray,* 101 Ga. App. 300 (113 S. E. 2d 651). The law of the case, as established by the judgment overruling the defendant's general demurrer, authorized the plaintiffs to prove that there was a binding oral agreement which was not merged in the written warranty deed. The original purchase contract was pleaded as an exhibit to the petition and contained the provision that: "This contract constitutes the sole and entire agreement between the parties hereto and no modification of the contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto."

It was then alleged that a general warranty deed was received from the defendant covering the property, and there was no allegation of any stipulation in such warranty deed that anything would be done *after* the sale was *closed*. Therefore, without determining whether the petition set forth a cause of action, or whether the petition sought to vary a written contract, complete in itself, by an alleged contemporaneous oral agreement and was therefore subject to demurrer (see *Augusta Land Co. v. Augusta Ry. &c. Co.*, 140 Ga. 519, 79 S. E. 138), the plaintiffs proved the material allegations of their petition, and were not subject to being nonsuited. The plaintiffs' evidence showed that the defendant had attempted to complete the necessary work on the house after the warranty deed was executed, but that he had later abandoned such work. Accordingly, the allegation which the defendant contends was not supported by evidence: "On February 6, 1958, when your petitioners paid the defendant the purchase price of said real property, both the defendant and your petitioners well knew and understood that the aforesaid contract was incomplete, and subsequent to the aforesaid date, the defendant, in acknowledgment of his aforementioned promises, attempted to correct the said water condition without success," was supported by some evidence, and the judgment granting the defendant's motion for nonsuit must be reversed.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*