40456.   HESTER v. DIXIE FINANCE CORPORATION.

DECIDED FEBRUARY 11, 1964—
REHEARING DENIED FEBRUARY 26, 1964.

*G. Gerald Kunes,* for plaintiff in error.

*Reinhardt & Ireland, Glenn Whitley,* contra.

FELTON, Chief Judge. "It is essential that an action for damages for malicious use of civil process show (1) malice, (2) want of probable cause, and (3) *termination of the proceedings in a judgment in favor of the defendant."* (Emphasis supplied.) *Georgia Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591 (2) (32 SE2d 465). See also cases annotated under *Code* § 105-801, catchword "Process." We construe the judgment of the trial court overruling the defendant's general demurrer to the petition as a ruling that the effect of the order of the justice of the peace, which purported to set aside upon the motion of the finance corporation, the judgment rendered in the corporation's favor, was a termination of the proceedings in a judgment in favor of defendant Hester. The petition and the affidavits in support of the motion for a summary judgment both show the same thing, namely: that the judgment of the justice's court was a valid judgment in favor of the plaintiff corporation, which must have remained valid until set aside for fraud, accident, mistake or other cause as provided by law. *Creswell v. Bryant Hardware Co.,* 166 Ga. 228 (1) (142 SE 885); *Code* § 37-219. A levy based upon such a valid judgment would not give rise to a cause of action for malicious use of process. Under Georgia law, the order of the justice of the peace purporting to set aside the judgment was null and void because in this State a justice of the peace has no authority to set aside a judgment rendered by him. *Dalton City Co. v. Haddock,* 54 Ga. 584 (1); *Doughty, Pearson & Co. v. Walker,* 54 Ga. 595 (1); *Fontaine v. Bergen,* 55 Ga. 410 (1, 2); *Levadas v. Beach,* 117 Ga. 178 (43 SE 418); *Bacon & Sons v. Jones,* 117 Ga. 497 (43 SE 689); *Gregory v. Citizens Nat. Bank of Montezuma,* 41 Ga. App. 400 (153 SE

90) and cases cited; *Mills v. Bell,* 136 Ga. 687 (71 SE 1120);
*Edwards & Daniel v. Edwards,* 163 Ga. 825 (3) (137 SE 244);
*Ward v. Montgomery Ward & Co.,* 181 Ga. 228, 229 (181 SE
664). But even if the justice's court had authority to set aside
the judgment the finance company would not be guilty of a
malicious use of process when it proceeded on the process before
the effort to set it aside and did nothing after it was purportedly
set aside. It follows that the petition did not set forth a cause
of action because it showed on its face that the suit against the
plaintiff terminated against him rather than in his favor and
the ruling overruling the general demurrer to the petition was
error.

However, the defendant in error (the defendant below) did not
except to the overruling of its general demurrer, either by direct
bill of exceptions after the ruling thereon or by cross bill on this
appeal. See *Code Ann.* § 6-901, as amended (Ga. L. 1957,
pp. 224, 232). "A judgment overruling a general demurrer to
a petition, unless excepted to and reversed, is an adjudication
that the petition sets forth a cause of action; and the court may
not by indirection deprive the plaintiff of the estoppel he is
entitled to urge as against the defendant." *Turner v. Willing-
ham,* 148 Ga. 274 (2) (96 SE 565) and cit.; *Herb v. Wolfe,* 75
Ga. App. 20 (1) (41 SE2d 817); *Courtney v. State Farm Mut.
Auto. Ins. Co.,* 81 Ga. App. 616 (1) (59 SE2d 556); *McDougald
v. Johnson,* 104 Ga. App. 233, 234 (121 SE2d 417), and cases
cited. Accordingly, the judgment of the court overruling the
defendant's general demurrer, unexcepted to and unreversed,
became the law of the case, establishing that a cause of action
for malicious use of legal process was set out against the de-
fendant. The court therefore erred in its subsequent judgment
granting the defendant's motion for a summary judgment, since
the issues raised thereby were the same ones which were resolved
in favor of the plaintiff by the overruling of the general demurrer.

*Judgment reversed. Frankum and Pannell, JJ., concur.*