40880.   UNITED STATES FIRE INSURANCE COMPANY
v. CAMPBELL.

Decided September 21, 1964.

Memory, Barnes & Memory, S. F. Memory, Jr., for plaintiff
in error.

George E. Maddox, contra.

Nichols, Presiding Judge. ■ Plaintiff raises the point in
his brief in this court that since the defendant abandoned its

assignment of error on the trial court's judgment overruling defendant's demurrers it is now estopped from attacking issues in the general grounds of its motion for new trial because, as plaintiff contends, these issues were resolved in favor of plaintiff by such ruling of the trial court which is now the law of the case. Plaintiff cites the case of *Hester v. Dixie Finance Corp.*, 109 Ga. App. 204 (135 SE2d 504) in support of his contention.

The case at bar is distinguishable on the facts from *Hester*, supra, and similar cases in that the facts stated in the pleadings in the *Hester* case and the facts shown on the hearing were the same, whereas, the contrary appears in the case sub judice. The plaintiff's petition here alleges the existence of an insurance policy and a loss covered by such policy while the evidence adduced on the trial showed the existence of such a policy, but the loss sustained by plaintiff did not fall within the protective coverage of same as will be shown in Division 2 of this opinion.

■ The sole questions to be determined in this case are: (1) Whether or not the property alleged to have been burglarized was so situated (at the time of the alleged burglary) as to come within the protective provisions of the insurance policy, and (2) whether or not the property involved was taken under such circumstances as would constitute burglary.

The relevant and pertinent provisions of the insurance policy to be considered here are paragraph (1) of "Insuring Agreements" as follows: "1. Loss of merchandise; Premises damage. To pay for loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the insured and located outside the premises but inside the building line of the building containing the premises or attached to said building . . .", and subparagraphs (a) and (b) of paragraph (1) "Conditions" as follows: "1. Definitions. (a) Premises. The unqualified word 'premises' means the interior of that portion of the building at the location designated in the declarations which is occupied by the insured as stated therein, but shall not include (1) showcases or show windows not opening directly into the interior

of the premises, or (2) public entrances, halls or stairways. (b) Burglary. The word 'burglary' means the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence as evidenced by visible marks made by tools, explosives, electricity. or chemicals upon, or physical damage to the exterior of the premises at the place of such entry, or (2) from within a showcase or show window outside the premises by a person making felonious entry into such showcase or show window by actual force and violence, of which force and violence there are visible marks thereon."

The uncontradicted evidence in the case shows that the cigarette vending machine at the time of the alleged burglary was on the property of the service station, but not on the *inside* of the building itself, nor physically attached to same. Under the definition of "premises" in the policy, as set out above, the word premises "means the *interior* of that portion of the building . . . and shall not include (1) showcases or show windows not opening directly into the interior of the premises, or (2) public entrances, halls or stairways."

Applying the uncontradicted evidence in this case to the pertinent provisions of the policy of insurance, supra, it is immediately obvious that the property lost by the plaintiff was not taken from inside the premises as contemplated and defined by the protective provisions of the insurance policy and therefore the property lost was not covered by the terms of the policy and the trial court erred in finding in favor of the plaintiff.

*Judgment reversed. Hall and Russell, JJ., concur.*