41205.   C. & S. REALTY COMPANY v. PERRY PRINTING
PROCESS COMPANY.

BELL, Presiding Judge.   The bill of exceptions assigns error suc-
cessfully only on the judgment of the trial court which granted
the defendant's motion for summary judgment.   Judgment
was entered for the defendant against the plaintiff on the
plaintiff's petition and in favor of the defendant for the sum
sought by the latter's cross action.

It is palpably self-evident from the record that the trial judge
grounded his grant of the defendant's motion for summary
judgment on his construction, a correct one, of the plain
language of an unambiguous provision of the written contract
involved which was attached to the amended petition.   The
evidence offered by the parties on the motion for summary
judgment did nothing to show either an issue of fact or a lack
of material factual dispute.   Although the judgment recited
at random that "the pleadings and affidavits show there is no

genuine issue as to any material fact," the heart of the judgment is the court's statement that "it is our opinion that the proper construction of paragraph 39 of the lease in question entitled the defendant to a judgment as a matter of law." This context clearly shows that the trial court based its grant of the motion for summary judgment solely on its construction of paragraph 39 of the contract attached to the petition. Previously the court had overruled a renewed general demurrer to the petition as amended which ruling stands unmodified and unappealed. Thus, that ruling became the law of the case and the court could not thereafter, *in absence of evidence eliminating from the case every genuine issue of material fact,* correct its error in overruling the general demurrer by granting a motion for summary judgment. *Hester v. Dixie Finance Corp.,* 109 Ga. App. 204, 207 (135 SE2d 504).

Since the defendant in error did not except to the overruling of its general demurrer by a cross bill of exceptions on this appeal or by a direct bill the judgment must be reversed.

*Judgment reversed. Frankum and Hall, JJ., concur.*

ARGUED MARCH 3, 1965—DECIDED MAY 12, 1965.

*Marvin P. Nodvin, Albert L. Sandlin,* for plaintiff in error.
*Carl A. Herbig,* contra.