## 51028. WHITLEY CONSTRUCTION COMPANY v. CARLYLE REAL ESTATE LIMITED-72 PARTNERSHIP et al.

On Motion for Rehearing.

Appellant points out the dilemma confronting the materialman who has not filed suit against the landowner (in rem) within the 12-month period because he has filed suit against the contractor but for apparent good reason has not been able to obtain a judgment. Yet under *Atkinson v. Wingate Plumbing Co.,* 20 Ga. App. 480 (93 SE 122), *and others,* when the landowner and contractor live in different counties and cannot be joined as defendants in one county the materialman is barred from bringing suit against the landowner until he has judgment in a prior action against the contractor.

While this dilemma may not have been anticipated by the legislature when it passed the 1968 amendment, the materialman is not without a remedy. As is suggested in the *Atkinson* case, the materialman may sue the landowner in a court of equity. "In order to foreclose a lien for material furnished to a contractor, to be used in improving the land of another person, it is necessary that the materialman have judgment against the contractor in a previous action, or, if the landowner and the contractor reside in the same county, they may be sued in the same action; but if they reside in different counties, they can not be joined as defendants, *except where special reasons permit recourse to a court of equity.*" Appellant could have pursued his remedy in a court of equity, on the grounds that he was not afforded an adequate remedy at law. However, he did not do so in this case and we are constrained to apply the 12-month statutory limitation to his suit.

*Motion for rehearing denied.*